IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. 04 2924 JMR/RLE |
| Plaintiff, ) ) | |
| v. ) ) | COMPLAINT |
| ENTRONIX INTERNATIONAL, INC. ) ) | Jury Trial Demand |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation. Specifically, Entronix International, Inc. discriminated against Sherry (Milbrett) Durocher when it terminated her employment in retaliation for her complaints of sexual harassment. Defendant's action violated Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), which prohibits retaliation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.


SCANNED
JUN 10 2004
U.S. DISTRICT COURT MPLS

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Entronix International, Inc. ("Defendant"), has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Eveleth, and has continuously had at least 15 employees.

5. At all relevant times, Entronix International, Inc., has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Durocher filed a charge with the EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about January 4, 2002, Durocher complained to Defendant's managers that her supervisor had brought a sexually offensive catalog into the workplace. Shortly thereafter Defendant terminated Durocher in retaliation for her having engaged in protected conduct under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

8. The effect of the practices complained of in paragraph 7 above has been to deprive Durocher of equal employment opportunities and otherwise adversely affect her status as an employee because of retaliation.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Durocher.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of retaliation.

B. Order Defendant to make whole Durocher by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Durocher.

C. Order Defendant to make whole Durocher by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, in amounts to be determined at trial.

D. Order Defendant to make whole Durocher by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional distress, in amounts to be determined at trial.

  E. Order Defendant to pay Durocher punitive damages for its malicious and reckless conduct, complained of in paragraph 7 above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

                              EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                              ERIC S. DREIBAND
                              General Counsel

                              JAMES L. LEE
                              Deputy General Counsel

                              GWENDOLYN YOUNG REAMS
                              Associate General Counsel

                              EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION
                              1801 "L" Street, N.W.
                              Washington, D.C. 20507

Dated: June 9, 2004

                              _____
                              Jean P. Kamp
                              Regional Attorney

Dated: 6/9/04

                              _____
                              Tina Burnside (WI#1026965)
                              Senior Trial Attorney

                              EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION
                              Minneapolis Area Office
                              330 South Second Avenue, Suite 430
                              Minneapolis, MN 55401-2224
                              (612) 335-4047