UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>SHERRY DUROCHER,<br><br>Plaintiff-Intervenor<br><br>v.<br><br>ENTRONIX INTERNATIONAL, INC.<br><br>Defendant. | **CONSENT DECREE**<br><br>Civ. No. 04-2924 (JMR/RLE) |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on June 9, 2004  pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the EEOC alleged that Defendant, Entronix International, Inc. ("Defendant") retaliated against Sherry Durocher because she complained about sexual harassment.  The EEOC alleged that Defendant retaliated against Durocher by terminating her employment. The EEOC alleged that Defendant's action violated Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), which prohibits retaliation.  Durocher intervened in the lawsuit alleging violations of Title VII and the Minnesota Human Rights Act for the same conduct alleged by the EEOC.

Defendant denies that it has committed any of the violations alleged by the EEOC and Durocher. The EEOC, Durocher and Defendant (hereinafter referred to as "the parties") have agreed to settle the claims set forth in the action in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

1



I.     Monetary Relief

    A.     Settlement Amount

Defendant agrees to settle this case for $60,000. The settlement will be paid in six installments with the first check due within ten days after the Consent Decree is signed by Durocher's counsel on behalf of Durocher. The parties stipulate that they have allocated the settlement amount into separate payment categories in recognition of the underlying claims. Defendant agrees to pay Durocher $20,000 in compensatory damages and $20,000 in attorney fees to Durocher's counsel, Dorene R. Sarnoski Law Office, to be paid in installments of $10,000 in November 2004; December 15, 2004; January 15, 2005; and February 15, 2005. These checks shall be made payable to Sherry Durocher and Dorene R. Sarnoski Law Office. A copy of the checks shall be mailed to the undersigned counsel for the EEOC. Defendant shall issue a Form 1099 for these payments.

Defendant agrees to pay Durocher back pay, minus standard deductions, in the amount of $20,000, to be paid in installments of $10,000 on March 15, 2005 and April 15, 2005. These checks shall be made payable to Sherry Durocher, and Defendant shall issue a Form W-2 to Durocher. The checks shall be delivered to Durocher's attorney, Dorene R Sarnoski, with a copy to the undersigned counsel for the EEOC. Defendant's obligation with regard to the settlement payments and due dates is secured by a Confession of Judgment (Exhibit A hereto).

All of the employer's share of required withholdings, if any, including Social Security, shall be paid by Defendant. Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Durocher may or may not incur on such payments under local, state and/or federal law.

II.    Non-Monetary Terms

A.    Compliance with Title VII

Defendant agrees that it will not condone or tolerate acts of gender discrimination as prohibited by 42 U.S.C. §2000e, et. seq.  Defendant also agrees that it will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any unlawful employment practice, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e et. seq.

B.    Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

C.    Training

Defendant shall provide training, specifically on gender discrimination and retaliation, to all of its personnel, including supervisors and managers within six months after the Consent Decree is entered by the Court, and agrees to continue to provide orientation to new employees, at its expense, relating to Defendant's obligation to maintain a work environment free from discrimination, and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace.

D.    Creation and Dissemination of Anti-Discrimination Policy

Defendant shall certify to the EEOC that it has an anti-discrimination and anti-retaliation policy.   Such policy will specifically outline procedures for reporting and investigating discrimination complaints, and will include the names of persons to whom such complaints should be made.    If no such policy exists, Defendant shall create such a policy within 30 days.   This

policy shall be disseminated to all employees.

      E.      <u>Posting of Notice</u>

Defendant agrees to post the notice (Exhibit B hereto) in its facility in a clear and conspicuous location customarily used for the posting of employee notices. Defendant agrees to post this notice within five calendar days of approval of this Consent Decree by the Court, for the term of the Consent Decree.

      F.      <u>Removal of References to EEOC Charge/Lawsuit from Personnel File</u>

Defendant shall remove from Durocher's personnel file any record or indication that relates to her charges filed with the EEOC, the investigation, litigation, or resolution of the charges.

      G.      <u>Neutral Reference</u>

When and if Defendant is contacted by a prospective employer of Durocher's for an employment reference, Defendant shall provide neutral reference information, consisting of dates of employment and positions held. Defendant shall expunge any references to Durocher's termination from Durocher's employment records.

      H.      <u>Record-keeping and Reporting</u>

For three years from the date of this Consent Decree, Defendant shall document and maintain records related to every complaint that it or any manager or supervisor receives from any employee alleging gender discrimination or retaliation. During this period, Defendant shall also provide the EEOC with semi-annual reports, with the first report being due five months after the Final Order. Defendant shall provide the EEOC with a report every six months thereafter throughout the term of this Decree. The reports shall include the following information for each

complaint known to Defendant: the name, address, telephone number, and social security number of all employees at Defendant's facility, if any, who, during the reporting period, complained either verbally or in writing about gender discrimination and/or retaliation; the date and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by Defendant in response to each complaint. Finally, based on the semi-annual reports, the EEOC may inspect Defendant's premises, interview employees and examine and copy documents relating to matters contained in the semi-annual reports. The EEOC shall give written notice one week prior to coming on the premises for inspection.

I.      Enforcement of Consent Decree

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J.      Certification to the EEOC

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

K.     No Other Agreements

This Consent Decree constitutes the sole agreement between and among the parties concerning the settlement of the above-captioned lawsuit. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree, and the Confession of Judgment between Durocher and Entronix International, Inc. and that there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

L.     Enforcement of Terms of Consent Decree and Jurisdiction

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), to dismiss this case without costs to the parties, with the Court to reserve jurisdiction to enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of three calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the three year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved. At the end of the three year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve the Consent Decree and will dismiss this action with prejudice without further motion by any party.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained

therein.

  s/Jean P. Kamp
Jean P. Kamp                                    Date    11-23-04
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee District Office
310 W. Wisconsin Ave., Suite 800
Milwaukee, WI 53203
(414) 297-1860


  s/Tina Burnside
Tina Burnside (WI#1026965)                       Date    11/29/04
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401
(612) 335-4047

*Attorneys for Plaintiff EEOC*


  s/Doreen R. Sarnoski
Dorene R. Sarnoski (MN#212933)                   Date    11-17-04
Dorene R. Sarnoski Law Office
101 Union Plaza
333 Washington Avenue N.
Minneapolis, MN 55401
Telephone: (612) 359-0050

*Attorneys for Plaintiff-Intervenor*

7

s/Laura A. Pfeiffer
_____
Laura A. Pfeiffer (MN#0260125)                    Date     11-22-04
Mark A. Pihart (MN#0308626)
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff,<br><br>SHERRY DUROCHER,<br><br>               Plaintiff-Intervenor<br><br>               v.<br><br>ENTRONIX INTERNATIONAL, INC.<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civ. No. 04-2924 (JMR/RLE)<br>)<br>)<br>)<br>)<br>) |

## Stipulation for Dismissal With Prejudice

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, and based upon the attached Consent Decree, the Equal Employment Opportunity Commission (EEOC), Sherry Durocher and Entronix International, Inc., hereby stipulate to the dismissal of this action with prejudice, and to retention of jurisdiction by the Court to enforce the provisions of the Consent Decree.

  s/Jean P. Kamp
Jean P. Kamp                                                    Date    11-23-04
Regional Attorney

9

  s/Tina Burnside
_____

Tina Burnside (WI#1026965)                              Date    11/29/04
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401
(612) 335-4047

*Attorneys for Plaintiff EEOC*


  s/Dorene R. Sarnoski
_____

Dorene R. Sarnoski (MN#212933)                         Date    11-17-04
Dorene R. Sarnoski Law Office
101 Union Plaza
333 Washington Avenue N.
Minneapolis, MN 55401
Telephone: (612) 359-0050

*Attorneys for Plaintiff-Intervenor*


  s/Laura A. Pfeiffer
_____

Laura A. Pfeiffer (MN#0260125)                         Date    11-22-04
Mark A. Pihart (MN#0308626)
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400

*Attorneys for Defendant*

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Entronix International, Inc. ("Entronix"). A charge was filed with the EEOC alleging that Entronix violated Title VII of the Civil Rights Act of 1964 by discriminating against an employee. Although Entronix contends that it did not intend to discriminate against any employee, as part of the agreement, Entronix has agreed to take the following steps:

1.      Without admitting any violation of the law in the past, Entronix agrees not to engage in any type of discrimination, intimidation, or retaliation prohibited by Title VII. In other words, employees will not be harassed or retaliated against because they have opposed practices they believe to be discriminatory, or have participated in any manner in an investigation or court case under Title VII.

2.      Entronix will provide training to its staff including supervisors, managers, and administrators in regard to its policy forbidding any such discrimination, intimidation, or retaliation and providing for disciplinary action against violators.

3.      Entronix will disseminate its anti-discrimination policy to its staff outlining that discrimination, harassment and retaliation is prohibited.

The EEOC enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin, the Age Discrimination in Employment Act, the Equal Pay Act, prohibitions against discrimination against individuals with disabilities in the federal sector, sections of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. The Minneapolis office of the EEOC is located at 330 S. Second St., Suite 430, Minneapolis, MN 55401. Persons may contact the EEOC either by visiting, writing or calling (612) 335-4040.

2159173v2

Exhibit B